United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2005

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 04-30958
Summary Calendar

_____

LEVY J. COLLINS, JR.,

Plaintiff-Appellant,

VERSUS

SAIA MOTOR FREIGHT LINES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
m 6:03-CV-783-CMH-CMH
m 6:03-CV-1552-TLM-CMH

_____

Before DAVIS, SMITH, and
DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Levy Collins brought discrimination claims against his former employer, Saia Motor Freight Lines, Inc. ("Saia"), alleging, _inter alia_, claims under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") , and title VII of the Civil Rights Act of 1964. Finding no error, we affirm.

I.

Collins was a "city driver" for Saia, operating a large truck, delivering and picking up freight from customers. According to the job description as promulgated by Saia, Collins's position required him to load and unload trailers weighing as much as 45,000 pounds and to be able regularly to lift, without assistance, (a) up to 100 pounds to waist height, (b) up to 75 pounds to shoulder height, and (c) up to 50 pounds overhead. Collins was bound by Department of Transportation ("DOT") and Federal Motor Carrier Safety Act regulations.

On March 13, 2001, Collins was involved in a non-employment related automobile accident that left him unable to perform his duties as a city driver. He was granted Family Medical Leave Act leave and disability leave that maxed out on June 12, 2001. Saia continued his leave.

On October 22, 2002, Collins's treating neurosurgeon, Dr. Appley, released him to return to work without restriction. Saia then sent Collins to its company physician, Dr. Marsh, for his DOT physical, which Saia is required to give to all employees who attempt to return to work after having been injured.[1] Marsh referred Collins to an orthopedist, Dr. Gidman, for a second opinion.

After examination, Gidman opined that Collins was physically able to return as a truck driver, although Gidman saw problems with the fact that heavy manual labor was involved. He suggested that "if possible, [Collins] should be accommodated at work with maximum

lifting of medium work level of 50 pounds occasionally." After reviewing Gidman's report, Collins's supervisor informed him that he could not return to work because Gidman had imposed a 50-pound lifting limit, and the job required that he be able to lift 100 pounds regularly.

Because Collins's absence continued beyond one year, Saia terminated him on March 15, 2002, pursuant to its Separability Policy.[2] Collins filed a discrimination action, alleging that he was illegally terminated on the basis of race, age, and perceived disability.[3] The district court granted summary judgment to Saia.

II.

We review a summary judgment *de novo* and are bound by the same standards as was the district court. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371 (5th Cir. 2002). Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[1] Under 49 CFR § 391.45, that all DOT-certified drivers must be medically examined and certified in accordance with § 391.43 where their ability to perform their normal duties has been impaired by physical injury.

[2] Saia's Separability Policy provides that "[u]nless otherwise required by law, employees who are unable to return to work within one (1) year of the commencement of a period of absence will be terminated. Intermittent returns to work for periods of less than sixty days will not be considered a 'return to work' and will not interrupt the running of the 1-year period."

[3] Collins failed to brief his race discrimination claim to the district court. Although that district court discussed the claim "in the interest of completeness" in its order granting summary judgment, we decline to consider it here, because we do not consider evidence or arguments that were not presented to the district court. *See Nissho-Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir. 1988); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc).

with the affidavits, if any, "when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). Once the moving party has demonstrated that the non-moving party has no evidence such that a reasonable jury could reach a verdict in its favor, the non-moving party must put-forth specific facts that demonstrate a genuine factual issue for trial. *Id.*

## III.

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must establish that he is a qualified individual with a disability and that a negative employment action occurred because of his disability. *Sherrod v. Am. Airlines, Inc.* 132 F.3d 1112, 1119 (5th Cir. 1998). Therefore, a plaintiff must first establish that he has a "disability," which, under the ADA, encompasses (1) a mental or physical impairment that substantially limits one or more major life activities of an individual; (2) a record of such impairment, or (3) being regarded as having such an impairment. *Id.* (citing 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g)).

Collins does not allege that he was actually disabled, but rather contends that he has a "disability" under the third subsection, 42 U.S.C. § 12102(2)(C)SSthat he was "regarded as" disabled by Saia. We have previously set forth the manner in which one might establish such a claim:

One is regarded as having a substantially limiting impairment if the individual (1) has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is

substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment.

*Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 508 (5th Cir. 2003) (citing *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir. 1996)). Collins asserts that his situation falls under the third prong, because he claims that although he had recovered from his back injury, Saia still considered him as suffering under a physical impairment that constituted a substantial limitation on his major life activity of workingSSas a city truck driver or at other positions at Saia, including line driver or warehouse employee.

A plaintiff must show that the employer perceived a disability that substantially limited him in one or more major life activities. *See Sherrod*, 132 F.3d at 1119. Where, as here, the plaintiff alleges that working is the life activity in which he is limited, he must demonstrate that the perception of disability would limit him from a broad class of jobs,[4] defined as "jobs utilizing similar training, knowledge, skills or abilities, within that geographical area

---

[4] *Gowesky,* 321 F.3d at 508 ("The EEOC regulations make plain that an inability to perform one particular job, as opposed to a broad range of jobs, does not constitute an impairment that substantially limits one's ability to work.") (citing 29 C.F.R. § 1630.2(j)(3)(i)); *Sherrod*, 132 F.3d at 1120 (5th Cir. 1998) ("Evidence of disqualification from a single position or narrow range of jobs will not support a finding that an individual is substantially limited from the major life activity of working.") (citing *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 727 (5th Cir. 1995)).

. . . ."[5]

Collins's claim fails, because he has at most demonstrated that his alleged perceived disabilitySSan inability to lift over 50 pounds on a regular basis as a result of his back injurySSaffects only a "narrow range of jobs." He has identified only three *specific* types of positions at Saia (all of which Saia claims has a job requirement that the employee be able regularly to lift at least 100 pounds), which is insufficient to establish a broad range of employment.[6]

_____

[5] *See Bridges*, 92 F.3d at 334 (citing 29 C.F.R. § 1630.2(j)(3)(ii)(B)).

[6] *See, e.g., id.* (holding that "a limitation that prevented one from becoming a firefighterSSor even a firefighter and associated municipal paramedic or EMT backup firefighterSS. . . only affects a 'narrow range of jobs'"). Collins correctly notes that we have previously held that an employer did not regard a plaintiff as disabled for a broad class of jobs where the employer attempted to return the plaintiff to his prior position or other positions within the same company. *See Gowesky*, 321 F.3d at 508 (holding that employer did not regard plaintiff as disabled where it repeatedly attempted to return him to work); *see also Sherrod,* 132 F.3d at 1121 (holding that employer did not regard plaintiff as disabled from a broad class of positions, because employer tried to place plaintiff in other positions for which she was not deemed disqualified because of her back condition). Although Saia did not attempt to place Collins in his prior position or another position, such a finding is not *necessary* to defeat a claim based on an allegation that a plaintiff was discriminated against because of a perceived disability. In *Bridges*, 92 F.3d at 331, the employer took an adverse employment action against the plaintiff because of a perceived disability and made no effort to place him in another position, yet we held that plaintiff's
(continued...)

Collins may have presented enough evidence to show that any perceived disability prevented him from getting a job at Saia, but that is insufficient to establish a claim.[7] Because he has failed to produce sufficient evidence that could demonstrate that Saia regarded him as being substantially limited in the life activity of working as the result of any perceived disability, the district court properly granted summary judgment on Collins's ADA claim.

IV.

Collins claims that his termination was age discrimination. To maintain such a claim, a plaintiff must bear the initial burden to make a *prima facie* case of discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Where only circumstantial evidence of discrimination is available, a plaintiff must show that he (1) was a member of the protected class (over 40 years old); (2) was qualified for the position; (3) was fired; and (4) was either replaced by someone younger, was treated less favorably than employees who were similarly situated, or was otherwise discharged because

_____

[6](...continued)
claim failed as a matter of law because he produced no evidence that any perceived disability barred him from a "broad class" of jobs, as is the case here.

[7] We have previously rejected a proposition that preemption from employment in one's chosen *field* establishes a *per se* substantial limitation on working. *See Bridges*, 92 F.3d at 335. If such a broad prohibition is not a *per se* substantial limitation on working, we cannot say that preemption from employment for one's chosen *employer* is.

of his age.[8]

If established, a *prima facie* case raises an inference of discrimination, and the burden of production shifts to the employer to proffer a "legitimate nondiscriminatory reason" for its adverse employment action. *Sandstad*, 309 F.3d at 897. If it meets this burden, the presumption of discrimination is dissipated, and the burden returns to the plaintiff to prove discrimination.[9] To survive summary judgment, a plaintiff must offer "sufficient evidence to create a genuine issue of material fact either (1) that the employer's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the reason, although true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (internal citations omitted). "If a plaintiff demonstrates that age was a motivating factor in the employment decision, then it falls to the defendant to prove that the same adverse action would have been made regardless of discriminatory animus." *Id.*

Saia does not contest that Collins was a member of the protected age group. Even if we assume *arguendo* that Collins otherwise properly stated a *prima facie* case of intentional age discrimination, Saia adequately proffered a nondiscriminatory reason for firing himSSthe violation of its Separability PolicySSsuch that the burden was shifted to Collins to produce evidence that the enforcement of the policy was either a pretext, or merely one motive in his termination, accompanying another motive of intentional age discrimination.

Collins attempts to meet his burden of showing pretext through the affidavit of Greg Slade, Saia's Human Resources Manager, who indicated that two other Saia employees, Hollier and Dupuis, believed to be under 40 years old, were allowed to return to work after receiving doctors' releases from their DOT physicals. On the other hand, despite the fact that Collins received releases from his treating physician and his DOT physical, he was prevented from returning to work, which ultimately resulted in his violation of the Separability Policy.

This evidence is not probative of pretext, however, because Collins has not produced sufficient evidence that would demonstrate that his circumstances were sufficiently similar to those of Hollier and Dupuy.[10] Although affidavit testimony indicates that Hollier and Dupuis were injured in off-the-job accidents, received physician releases in their DOT physicals and were allowed to return to their jobs at Saia, there was no indication that either's physician release included a notice that

[8] *See West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 384 (5th Cir. 2003) (citing *Brown v. CSC Logic, Inc.,* 82 F.3d 651, 654 (5th Cir. 1996)); *see also Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002).

[9] *Sandstad*, 309 F.3d at 897 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511-12 (1993)).

[10] *See Wyvill v. United Cos. Life. Ins. Co.*, 212 F.3d 298, 304-05 (5th Cir. 2000) (requiring plaintiff, to demonstrate pretext, to show that employer treated others differently in "nearly identical circumstances"); *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) ("We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.").

he should be accommodated in his job by modifying physical requirements of his position, as was the case with Collins.

Because Collins did not meet his burden to produce evidence from which a factfinder could reasonably find that Saia's proffered reason for terminating his employment was pretext for age discrimination, or that age discrimination was an accompanying mixed motive, the district court appropriately granted summary judgment.

AFFIRMED.